## James Hoop, Plff. in Err., *v.* A. Anderson.

A road commissioner who permits his claim for services to be credited by the county auditors to another commissioner, to balance the latter's account, upon his express promise of repayment, may maintain assumpsit against him for the amount so credited with interest from the date of the audit.

(Argued May 9, 1887. Decided October 3, 1887.)

January Term, 1887, No. 377, E. D., before MERCUR, Ch. J., GORDON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ. Error to the Common Pleas of McKean County to review a judgment on a verdict for the plaintiff in an action of assumpsit. Affirmed.

This was an action of assumpsit on the money counts by A. Anderson against James Hoop, to recover money alleged to have been advanced by Anderson to Hoop.

At the trial before OLMSTED, P. J., the following facts appeared:

Anderson, Hoop, and Thomas L. Kane were state road commissioners under an act of December 18, 1873, to lay out a road from Kane to Lafayette in McKean county, and as such were to collect taxes and receive commissions and allowances for expenses. Anderson thus became entitled to receive $365.11 from the state.

The day before their accounts were to be audited and settled by the county auditors (so Anderson testified) Hoop said he had more than enough state road money at home to pay not only Anderson's claim but his own claims for services, etc., but that he did not have enough money with him to settle his accounts unless Anderson would look to him for payment after they got home, and in the settlement permit his (Anderson's) claim for $365.11 to be credited to Hoop as paid. Anderson assented and the accounts were settled accordingly. This action was brought to recover the amount so advanced by Anderson to Hoop, and interest. Hoop denied the admission and promise, and testified that he had only about $200 of the state road money in his hands at the time.

The court below admitted in evidence a copy of the county auditors' report, for the purpose of showing that Hoop had received credit for the amount claimed, refused the defendant's points, to the effect that such a contract would be against public policy and a contract to pay another's debt, and charged the jury that if they believed, according to the testimony of Anderson, that such an express promise was made by Hoop they should find for the plaintiff; otherwise, for the defendant.

These rulings were the subjects of the assignments of error. Verdict and judgment were for the plaintiff, for $456.83.

*B. D. Hamlin* and *Sterrett & Rose,* for plaintiff in error.— The contract claimed under is against public policy. The two state road commissioners who are the parties to the contract are the parties to this suit and were, with another commissioner who was not privy to it, trustees of a public fund raised by them from taxation. Three commissioners, instead of a less number, were constituted and paid for the transaction of the business, in order to have the benefit of their combined judgment, and that each might act as a check upon the conduct and accounts of the others. They should not be permitted to agree among themselves on a claim one of them might make on the fund, and he assign such agreed-upon claim to another of the commissioners, and they together put it through the auditing board and receive the benefit of it.

An agreement in consideration of relinquishing the right to the administration of an estate is against public policy, and will

not be enforced. Bowers v. Bowers, 26 Pa. 74, 67 Am. Dec. 398.

A contract by an administrator to sell the real estate of his intestate for a fixed sum and on certain terms of payment, and that he will make the title through the medium of the orphans' court, is void and will not be enforced. Myers v. Hodges, 2 Watts, 381, 27 Am. Dec. 319.

It is not necessary to show that any fraud was actually perpetrated, or contemplated—the policy of the law being to confine trustees to such a course of conduct as will avoid the opportunity or inducement.

In matters touching the agency, agents cannot act so as to bind their principals where they have an adverse interest in themselves. Story, Agency, § 210.

Agents are not permitted to deal validly with their principals in any cases, except where there is the most entire faith, and a full disclosure of all facts and circumstances, and an absence of all undue influence, advantage, or imposition. 1 Story, Eq. Jur. §§ 315, 316.

The principle applies in a case where a board is authorized to act in a fiduciary capacity and attempts to deal in that capacity with one of its members. Cumberland Coal & I. Co. v. Sherman, 30 Barb. 553; Whichcote v. Lawrence, 3 Ves. Jr. 740; Pickett v. School Dist. No. 1, 25 Wis. 551, 3 Am. Rep. 105; Wormley v. Wormley, 8 Wheat. 421, 5 L. ed. 651.

Some evidence was permitted on the trial below tending to show that defendant made some new promise or recognition of the former promise, after the settlement was concluded with the auditors. This, if true, will not be enforced, because of the illegal consideration on which it was originally founded, the taint following it. Chamberlain v. M'Clurg, 8 Watts & S. 31; Negley v. Lindsay, 67 Pa. 217, 5 Am. Rep. 427.

The plaintiff's claim was settled and extinguished by the county auditors.

The plaintiff and his two associate trustees submitted the accounts to a settlement by the county auditors; it was not appealed from, and their decision is final. Siggins v. Com. 85 Pa. 278.

The auditors' report cannot be reviewed by them or their successors, or enlarged by an agreement. Northampton County v. Yohe, 24 Pa. 305.

It cannot be opened for the correction of errors.   Northumberland County v. Bloom, 3 Watts & S. 542.

The claim of a supervisor against a township, for services rendered or money expended, should be presented to the auditors for allowance.   A common-law action will not lie for its recovery.   Brown v. White Deer Twp. 27 Pa. 109.

The decision of the auditors is conclusive and cannot be inquired into, either by the same tribunal at another time or by a court of law, except upon appeal.   Blackmore v. Allegheny County, 51 Pa. 160.

It concludes a county for taxes collected by the county treasurer for a township, and renders the county liable.   Potter County v. Oswayo Twp. 47 Pa. 162.

The state road commissioners chose to intermingle and combine their accounts with the fund, and to settle them jointly, and having stated the account jointly, it is conclusive against them.   Carbondale v. Bonner, 1 Luzerne Legal Obs. 203.

Assumpsit cannot be maintained under the facts in this case.

One partner cannot maintain assumpsit against another, for the proceeds and settlement of a partnership adventure, unless they have settled their accounts and struck a balance.   Ozeas v. Johnson, 1 Binn. 191; Andrews v. Allen, 9 Serg. & R. 241; Killam v. Preston, 4 Watts & S. 16.

Hoop received no consideration for the promise he made to Anderson.   Where a legal obligation exists, a cumulative promise to perform it, unless upon a new consideration, is a nullity. Such promise adds nothing to and takes nothing from the original obligation.   A promise cannot be conditioned upon a promise to do a thing to which a party is already legally bound. Wimer v. Worth Twp. 104 Pa. 320; 1 Wharton, Contr. §§ 498, 500; Robb v. Mann, 11 Pa. 300, 51 Am. Dec. 551.

*W. B. Chapman* and *T. A. Morrison,* for defendant in error. —If the defendant had the money in his hands, and promised to pay it to the plaintiff when they returned home from the auditors' settlement, his promise did not come within the statute of frauds.   Townsend v. Long, 77 Pa. 143, 18 Am. Rep. 438; Justice v. Tallman, 86 Pa. 147.

If the defendant did not in fact have the money, but represented to the plaintiff that he did, and thereby induced the plaintiff to settle with the auditors as if he had been paid, the defend-

ant is estopped by his own declaration from denying in this suit that he had the money.   Dock v. Boyd, 93 Pa. 92.

A moral obligation is sufficient to support an assumption to pay a debt barred by a report of county auditors which was properly filed, and had become a judgment, and from which no appeal was taken.   Stebbins v. Crawford County, 92 Pa. 289, 37 Am. Rep. 687, and cases cited.

OPINION BY MR. CHIEF JUSTICE GORDON :

There is not a legal proposition in this case that is worth a moment's consideration.   The whole matter was for the jury, and so far as the court was concerned the case was properly submitted.

Anderson, the plaintiff below, swore to enough to make out his case.   According to his statement, Hoop had money sufficient and more than sufficient to pay the claim in controversy; but, alleging that he had not the amount with him, he proposed that the plaintiff should submit his claim to the auditors and allow it to be credited to the commission, and when they got home he should be paid.   Anderson did so submit his claim; it was credited accordingly, and, of course, as Hoop was the person who was accountable for the money, he thus obtained a credit through Anderson of some $365, which otherwise would have appeared in the auditors' account as a debit against him.   It was, in fact, the equivalent of so much money loaned to apply on the account against him.

With a transaction as simple as this public policy has nothing to do.   "If," says Hoop, "your account is found by the accounting officers to be correct, turn it over to me that I may use it as a credit, and I will be your debtor to that amount."   How is it possible that public policy can be involved in a matter such as this?   And why should not the defendant pay as he contracted to do?   He must needs pay at all events, if not as for a debt of his own, yet as for one that otherwise would have been audited against him.   So, the idea that he undertook to pay, not his own debt, but that of some other person, is preposterous; for if he made the assumption at all, he assumed to pay just what Anderson had advanced for his benefit, and which, even as collector, he justly owed Anderson.   It is true that Hoop swore to a very different state of facts than those detailed by Ander-

son; but as the jury did not believe him he has that body to blame for his mishap, rather than the court.

The judgment is affirmed.